IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALPHASENSE OY and ALPHASENSE, INC., | ) )  ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   Civil Action No. 23-1030-MN |
| TEGUS, INC. and BAMSEC, LLC, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this **9th** day of **April, 2024**, the court having considered the parties' discovery dispute letter submissions (D.I. 102; D.I. 103), IT IS ORDERED that the motion of plaintiffs AlphaSense, Inc. and AlphaSense Oy ("Plaintiffs") to compel defendants Tegus, Inc. and BamSEC LLC ("Defendants") to respond to certain discovery requests served under the stipulated preliminary injunction discovery order is GRANTED-IN-PART for the following reasons:

1. **Background.** Plaintiffs brought this patent infringement action against Defendants, alleging that Defendants' BamSEC Platform and Tegus Platform infringe the seven patents-in-suit. (D.I. 18 at ¶¶ 1-7) The asserted patents cover computer search engines that can search different databases for financial documents, including financial expert transcript libraries, and summarize and display information from those documents on an improved user interface. (D.I. 27 at 1, 3-4; D.I. 76 at 3-4)

2. On December 27, 2023, Plaintiffs filed a motion for preliminary injunction seeking to enjoin Defendants from making, using, offering to sell, or selling the BamSEC and Tegus Platforms during the pendency of the litigation. (D.I. 26) Defendants then made a proposal to

expedite discovery, set deposition dates for the individuals who submitted declarations in support of Plaintiffs' motion for preliminary injunction, and set a briefing schedule for the motion. (D.I. 102, Ex. A at 1)

3. On January 11, 2024, the court entered the parties' stipulation governing discovery and briefing relating to the preliminary injunction motion. (D.I. 49) The stipulation provided Defendants with the opportunity to take limited written and deposition discovery focused on the motion for preliminary injunction prior to filing their answering brief. (*Id.* at 1) Defendants did not challenge the sufficiency of Plaintiffs' discovery responses and timely filed their answering brief on February 23, 2024. (D.I. 76)

4. Two weeks after the answering brief was filed, Plaintiffs served their written discovery requests and 30(b)(6) deposition notice. Pursuant to the stipulation, these discovery requests were to focus on Defendants' response to the preliminary injunction motion. (D.I. 49 at 2) Defendants objected to many of the requests "to the extent they seek information not 'focused on Defendants' response to [the] motion for preliminary injunction' under the parties' as-ordered stipulation." (D.I. 102, Ex. G at 1-2; Ex. H at 1-2; Ex. I at 2) Specifically, Defendants argued that their answering brief only addressed: "(1) the validity of the Asserted Patents and (2) the sufficiency of AlphaSense's alleged evidence of harm, public interest, and the balance of equities," and Plaintiffs' discovery requests exceed the scope set forth in the responsive brief. (D.I. 102, Ex. F at 1) Plaintiffs argue that the court should require Defendants to provide discovery reciprocal to the scope of discovery produced by Plaintiffs in response to Defendants' requests. This impasse gave rise to the present discovery dispute.

5. **Analysis.** This dispute turns on the parties' stipulated agreement for Plaintiffs to serve limited discovery requests "focused on" or "relating to" Defendants' response to the

preliminary injunction motion. (D.I. 49 at 2) Defendants advocate a narrow construction limiting Plaintiffs to discovery only on discrete issues and evidence expressly mentioned in the answering brief. (D.I. 103) Plaintiffs contend that the requested discovery is within the scope of the parties' stipulated agreement because it relates to issues addressed in Defendants' responsive brief, such as price erosion and lost customers. (D.I. 102; 4/8/2024 Tr.)

6. *Plaintiffs' customers lost to Defendants* (**ROG 1 & RFP 4**). Plaintiffs' motion to compel responses to Interrogatory No. 1 and Request for Production No. 4 is GRANTED. (D.I. 102, Ex. G at 5-6; Ex. H at 8) Discovery on lost customers and price erosion is relevant to the irreparable harm analysis. *See Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, 39 F.4th 1377, 1380 (Fed. Cir. 2022) (affirming denial of preliminary injunction where the movant did not present any evidence that it lost customers). Moreover, Defendants' response to the preliminary injunction motion expressly addresses the issue of lost customers, bringing the issue within the scope of the parties' stipulation on preliminary injunction discovery. (D.I. 76 at 2-3, 15-17; D.I. 49) Specifically, Defendants attempt to rebut the assertion of Plaintiffs' declarants that forty-seven (47) of Plaintiffs' customer accounts were either lost to Defendants, or Plaintiffs had to lower their price to match Defendants. (D.I. 76 at 15 (citing D.I. 30 at ¶¶ 15-21; D.I. 32 at ¶¶ 25-34, 36-37, 39-45; D.I. 31 at Figs. 4-5, Exs. P & Q)) The court finds Plaintiffs should be permitted to obtain discovery from Defendants as to the factual support for their arguments that Plaintiffs mischaracterize the data concerning the accounts or that any alleged evidence of harm by Defendants is not of significant magnitude.

7. Defendants' position that Plaintiffs' requests seek to "backfill evidentiary holes in their opening papers" on these issues is inconsistent with their efforts to initiate a discovery process on the preliminary injunction motion. (D.I. 103, Ex. 1 at 2; D.I. 102, Ex. A at 1) As

3

Plaintiffs observe, Defendants would have no need for preliminary injunction discovery if their argument was limited to an alleged failure of proof by Plaintiffs. (4/8/2024 Tr.)

8. ***Purchase price of BamSEC* (ROG 2 & RFP 3).** Plaintiffs' motion to compel responses to Interrogatory No. 2 and Request for Production No. 3 is GRANTED. (D.I. 102, Ex. G at 6-8; Ex. H at 7) Plaintiffs contend that information about BamSEC's purchase price is relevant to secondary considerations of nonobviousness. (D.I. 103, Ex. 1 at 6) The declaration of Michael Maffattone, which was attached as an exhibit to Defendants' responsive brief, addressed the issue of secondary considerations of nonobviousness over the course of five pages. (D.I. 79, Ex. D-11 at 79-84) Defendants respond that this information is irrelevant and exceeds the scope of the responsive brief, which did not specifically mention BamSEC's purchase price. (D.I. 103 at 4; Ex. 1 at 6, 8) But there is no dispute that Defendants produced responsive discovery on other aspects of these requests, such as information on the integration of the Tegus and BamSEC platforms, even though the answering brief does not specifically discuss the integration of the two platforms. (D.I. 103 at 4; D.I. 76) Defendants offer no persuasive explanation for withholding the BamSEC purchase price while producing all other information responsive to these requests.

9. ***Competitive intelligence relating to Plaintiffs and other purported competitors* (ROGs 5, 6 & 9; RFPs 7, 8, & 17).** Plaintiffs' motion to compel responses to Interrogatory Nos. 5, 6, and 9 and Request for Production Nos. 7, 8, and 17 is DENIED without prejudice. (D.I. 102, Ex. G at 11-13, 16-17; Ex. H at 10-11, 19) During the discovery dispute teleconference, Plaintiffs argued these requests fall within the stipulated agreement based on the portion of Defendants' answering brief discussing lost customers and price erosion. (4/8/2024 Tr. (citing D.I. 76 at 15-16)) For the reasons set forth at ¶ 6, *supra*, Plaintiffs' request for

discovery responsive to issues of lost customers and price erosion has been granted, and Plaintiffs have failed to demonstrate how such additional information is specifically relevant to issues raised in Defendants' answering brief.

**10. *Customer surveys and documents related to commercial success of Defendants' products* (ROG 7 & RFPs 11 & 13).** Plaintiffs' motion to compel responses to Interrogatory No. 7 and Request for Production Nos. 11 and 13 is DENIED without prejudice.[1] (D.I. 102, Ex. G at 13-14; Ex. H at 13-15) These requests seek customer surveys and other related documents, which Plaintiffs contend are relevant to the commercial success of Defendants' products in the context of secondary considerations of nonobviousness. (D.I. 103, Ex. 1 at 11-12) The Maffattone declaration supports Defendants' position that the commercial success of the accused products exceeds the scope of the issues raised in its response to the preliminary injunction motion. (*Id.*, Ex. 1 at 8, 11-12; D.I. 88, Ex. D-11 at 79-80) Although Mr. Maffattone addressed commercial success in his discussion of secondary considerations, the discussion was limited to the commercial success of Plaintiffs' own product. (*Id.*) The record before the court does not support a conclusion that Defendants opened the door to a theory of commercial success based on the accused products.

**11. *Emails, chats, Gong platform documents, and investor and board meeting documents referencing Plaintiffs* (RFPs 5, 6, 10, & 12).** Plaintiffs' motion to compel responses to Request for Production Nos. 5, 6, 10, and 12 is DENIED without prejudice. (D.I. 102, Ex. H at 8-10, 13-15) These requests seek ESI and other communications regarding the key topics of lost customers and price erosion. (*Id.*) Plaintiffs have proposed a search of emails and chats

---

[1] Defendants did not separately address Interrogatory No. 7 in their responsive letter submission. (D.I. 103) However, the record before the court confirms that the information sought in Interrogatory No. 7 mirrors Request for Production No. 11. (*Id.*, Ex. 1 at 11)

from 8 custodians, applying 8-10 search terms to each custodian. (D.I. 102, Ex. H at 8-10) In this regard, the scope of these preliminary discovery requests exceeds the limitations placed on ESI in the parties' stipulated order governing discovery in the broader case. Specifically, the stipulated ESI order limits email production requests to a total of 5 custodians and no more than 10 search terms per custodian. (D.I. 54 at 5-6) The court will not grant a broader scope of discovery on this preliminary issue than the ESI limitations applicable to the balance of fact discovery in this case.

12. For the reasons set forth at ¶ 6, *supra*, Plaintiffs will obtain document discovery on the topics relating to lost customers and price erosion, which may obviate the need for custodial ESI discovery on these subjects. Denial of Plaintiffs' ESI requests is without prejudice, should Plaintiffs establish a need for the information following the production of documents on these topics.

13. ***Information related to profit margins and breakeven costs of Defendants' licenses (RFP 9).*** Plaintiffs' motion to compel a response to Request for Production No. 9 is DENIED without prejudice. (D.I. 102, Ex. H at 11-12) The parties' correspondence suggests that Plaintiffs contend this evidence is relevant to show normal trends in the industry. (D.I. 103, Ex. 1 at 11) But Defendants' responsive brief does not discuss their own profit margins or their licensing practices. (D.I. 76) Consequently, this request exceeds the scope of the parties' stipulated agreement on discovery. (D.I. 49)

14. ***Rule 30(b)(6) deposition.*** Plaintiffs' request for a 30(b)(6) deposition on the noticed topics is GRANTED-IN-PART. (D.I. 102, Ex. I) The record confirms that Defendants offered to designate Mr. Bob Casey, the Chief Financial Officer of Tegus, Inc., for 30(b)(6) testimony limited to the subject matter of the conversation that took place between Mr. Casey and

Defendants' expert, Mr. Michael Tate. (D.I. 103, Ex. 6 at 2; *see also* D.I. 78, Ex. D-9 at 5 n.25) Plaintiffs' motion is GRANTED with respect to the foregoing designation of the 30(b)(6) witness and the scope of the deposition.

15. Plaintiffs' motion to compel a 30(b)(6) deposition on the remaining deposition topics is DENIED without prejudice because the motion broadly seeks deposition discovery on all noticed topics beyond the scope of the discovery required for Plaintiffs to reply to Defendants' opposition brief. During the April 8 teleconference, Plaintiffs suggested that they may be able to narrow the scope of testimony sought to a handful of topics relating to price erosion and lost customers. (4/8/2024 Tr.) The parties are encouraged to meet and confer on Plaintiffs' narrowing proposal.

16. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion to compel Defendants to respond to certain discovery requests served under the stipulated preliminary injunction discovery order is GRANTED-IN-PART as follows:

- Plaintiffs' motion to compel responses to Interrogatory Nos. 1 and 2 and Request for Production Nos. 3 and 4 is GRANTED. On or before **April 15, 2024**, Defendants shall serve responses to these requests.

- Plaintiffs' motion to compel responses to Interrogatory Nos. 5-7 and 9 and Request for Production Nos. 5-13 and 17 is DENIED without prejudice.

- Plaintiffs' motion to compel a Rule 30(b)(6) witness on the noticed topics is GRANTED-IN-PART. On or before **April 15, 2024**, Defendants shall provide a 30(b)(6) witness prepared to testify in accordance with Defendants' compromise proposal as described in ¶ 14, *supra*. Plaintiffs' motion to compel a 30(b)(6) deposition on the remaining topics is DENIED without prejudice.

17. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **April 16, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

18. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

19. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

/s/ Sherry R. Fallon
Sherry R. Fallon
United States Magistrate Judge